Davis v. Bessehl.

Davis, *Trustee, Appellant,* v. Bessehl.

1. **Deed of Trust, Construction of.** By the provisions of the deed of trust in this case, given to secure the payment of certificates of indebtedness issued by a bank, the liability of the grantor was only secondary, and the land conveyed could not be resorted to for the payment of the certificates, until all the assets of the bank capable of collection by reasonable diligence were collected and applied on said certificates, and, therefore, held that the trustee could not maintain ejectment for the land to the end that he might apply the rents in discharge of the debts, so long as the requirements of the deed

of trust as to collecting and applying the assets, were not complied with.

2. **Trustee : EJECTMENT.** Whether a trustee in a deed of trust in the nature of a mortgage, like a mortgagee, can maintain ejectment not decided.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*James O. Broadhead* and *Isaacc H. Lionberger* for appellant.

(1) The deed of trust executed by E. B. Hudson, to secure the payment of the certificates of the Butchers' & Drovers' Bank, is a mortgage. *Hoffman v. Mackall,* 5 Ohio St. 130 ; *Woodruff v. Robb,* 19 Ohio St. 215 ; *Newman v. Samuels,* 17 Iowa, 534 ; Judge Dillon, 2 Am. Law Reg. 648 ; *Casey v. Gibony,* 36 Mo. 320 ; *Johnston v. Houston,* 47 Mo. 227 ; *Masterson v. Ry.,* 72 Mo. 347 ; Jones on Mort., secs. 62, 1769 ; Perry on Trusts, sec. 602, *d* and *f ;* 1 Wash. on Real Prop., 475, 483 ; 12 Mo. App. 497 ; 97 U. S. 68 ; 13 N. Y. 200 ; 15 Ill. 505 ; 21 Ill. 450.    (2) After default in the payment of the certificates secured, the trustee was entitled to enter for breach of condition.    (*a*) A mortgagee may enter after forfeiture. *Walcop v. McKinney,* 10 Mo. 230 ; *Meyer v. Campbell,* 12 Mo. 603 ; *Kennett v. Plummer,* 28 Mo. 142 ; *Sutton v. Mason,* 38 Mo. 120 ; *Hubble v. Vaughn,* 42 Mo. 138 ; 43 Mo. 98 ; 47 Mo. 227 ; 49 Mo. 126, 389 ; 51 Mo. 55 ; 53 Mo. 147.    (*b*) A trustee may enter.    *Johnston v. Houston,* 47 Mo. 227 ; *Masterson v. Ry.,* 72 Mo. 347 ; *Sherwood v. Saxton,* 63 Mo. 82 ; *Goode v. Comfort,* 39 Mo. 313 ; Jones on Mort., secs. 62, 1769 ; *Shaw v. Ry.,* 5 Gray, 162, 180 ; 1 Wash. Real Prop. *502 ; Perry's Trusts, sec. 602, *d, i, k, aa, gg ; Brown v. Due,* 10 Sm. & M. 268 ; Jones on Ry. Securities, secs. 357, 360 ; *Sturges v. Knapp,* 31 Vt. 1 ; *Hall v. Ry.,* 21 Law Rep. 138.    (3) The restrictions

upon the trustee's power to sell do not attach to his right of entry after forfeiture. Power of sale concurrent, not exclusive. *Thornton v. Pigg*, 24 Mo. 249 ; *Sav. Ass'n v. Mastin*, 61 Mo. 435 ; *Johnston v. Houston*, 47 Mo. 227 ; 1 Broom & H. Coms., 617 ; 1 Wash. on Real Prop. *501 ; Jones on Morts., sec. 1773 ; 2 Am. Law. Reg. 653, 717 ; 7 Ala. 823 ; 2 Chand. 105 ; 5 Gray, 162, 180 ; 36 Pa. St. 150 ; 21 Ala. 573 ; 2 Cowen C. C. 195 ; 5 Hump. 612 ; 10 Iowa, 408 ; 2 John. Ch. 25 ; 48 Miss. 444 ; 12 Mich. 180 ; 4 Mich. 447 ; 76 N. C. 378 ; 52 Texas, 326 ; 1 Wis. 420 ; 12 Conn. 449 ; 21 Wend. 273 ; 49 Me. 375 ; 39 Ark. 544. A restriction upon a power of sale will not attach to the concurrent rights or remedies. *Johnston v. Houston*, 47 Mo. 227; *Butler v. Ladue*, 12 Mich. 180 ; *Bradley v. Ry.*, 36 Pa. St. 150, note ; *Shaw v. Ry.*, 5 Gray, 162, 180. (4) A tenant is in no better position than a mortgagor. 2 Coke *36, Butler's note 2 ; 2 Wash. on Real Prop. *226 ; 4 Kent, *164,. *165 ; *Moss v. Gillmore*, 1 T. R. 384 ; 2 Ves. & B. 252.

*Madill & Ralston* for respondent.

(1) The action being ejectment the burden of proof was on plaintiff to show both legal title to the premises, and the right of possession as against defendant. Malone on Real Prop. Trials, 98 ; *Kimbrough v. Benton*, 3 Humph. 129 ; *Ford v. French*, 72 Mo. 250 ; *Norfleet v. Russell*, 64 Mo. 176. (2) Plaintiff does not own or hold the legal estate conveyed by Mrs. Hudson's deed of trust to James G. Barry. There was no provision in the deed for the appointment of a new trustee in case of the death of Barry, and the power of the latter was extinguished by his death. Hill on Trustees (2 Am. Ed.) 301, 211 ; 2 Perry on Trusts (3 Ed.) 355 ; *Whittelsey v. Hughes*, 39 Mo. 13 ; *Graham v. King*, 50 Mo. 22. A new trustee does not take the legal title until the conveyance of the same to him by the former trustee, or by some person ap-

pointed by the court. *O'Keefe v. Callhrop*, 1 Atk. 18 ;·
*Young v. Young*, 4 Cranch, C. C. 499 ; Hill on Trustees
(2 Am. Ed.) 274-5, *et seq.* (3) There has been no default
which entitles the plaintiff to enter. *Martin v. Paxon*,
66 Mo. 260 ; *Tracy v. Gravois Ry.*, 13 Mo. App. 295 ;
*St. Louis, etc., v. Ry.*, 69 Mo. 65. (4) The agreed state-
ment of facts shows that all the amounts due from the
stockholders of the Butchers' & Drovers' Bank of St.
Louis have not yet been either collected or applied to·
the payment of the certificates of indebtedness of said
bank, as provided in the deed of trust, which, by its ex-
press terms, makes the collection and application of
these amounts to the payment of the said certificates a
condition precedent to any sale of this property by the
trustee. This condition precedent not having yet been
fulfilled, it is clear that the trustee could not now make
any valid or legal sale and conveyance of this property
under the power of sale contained in the deed of trust.
*Roarty v. Mitchell*, 7 Gray (Mass.) 243 ; 1 Hilliard on
Mortgages, p. 132, sec. 4.· Such sales if now made by
the trustee, would be simply void, both at law and in
equity, and would pass no title to the vendee, which
would enable him to maintain an action of ejectment for
this property. *Eitelgeorge v. Building Association*, 69
Mo. 52 ; *Long v. Long*, 79 Mo. 644, 51, 52 ; *Koehring v.
Muemminghoff*, 61 Mo. 403 ; Hill on Trustees [2 Ed.]
*478, p. 698 and note ; Sugden on Powers [6 Ed.] 497.
The debt secured by the deed cannot be ascertained
in amount until the amounts due from the stockholders
of the bank are collected or found to be uncollectible ;·
and any attempted sale by the trustee would be en-
joined until the amount of the debt should be ascertained
by an accounting in equity; or some other proper man-
ner. *Wilkins v. Gordon and wife*, 11 Leigh, 547.
(5) And for the same reasons above set forth, neither the
trustee nor the scrip holders of the Butchers' & Drovers'
Bank, can now maintain a bill for the foreclosure of the

deed of trust, and the appointment of a receiver on the ground that there had been default in the payment of the scrip, and that the property is inadequate to secure its payment. *Butchers' & Drovers' Bk. v. The Bank et al.*, 14 Mo. App. 597 ; *Building Ass'n v. Platt*, 5 Duer, 675 ; *Masterson v. Ry.*, 72 Mo. 347 ; *Meyer v. Estell*, 48 Miss. 401.    (6) Mrs. Hudson was a voluntary surety for the bank, and as such entitled to stand on the strict construction and letter of her contract.    Brandt on Suretyship, sec. 21 ; 1 Jones on Mortgages, secs. 113–4 ; *Wilcox v. Todd*, 64 Mo. 388 ; *John v. Reardon*, 11 Md. 465.

BLACK, J.—On the first of August, 1877, Eliza B. Hudson made a deed of trust conveying the improved real estate here in question to Barry to secure certain debts.    On the death of Barry, the plaintiff was appointed successor in the trust and brings this suit of ejectment to the end that he may apply the rents in discharge of the debts.    The defendant is the tenant of Mrs. Hudson.    The deed recites that the Butchers' & Drovers' Bank, which was then unable to meet its obligations, had made a proposition to its creditors to pay five per cent. in cash and to issue certificates of indebtedness for the balance due to them, the contents and form of which certificates are given showing that they were to be due and payable on or before the first of August, 1880, and had as security the assets of the bank amounting to seven hundred and fifty thousand dollars, and would be secured by deeds of trust on property of E. B. Hudson, M. F. Smith and M. C. Chambers, valued at two hundred and fifty thousand dollars.    The proposition also states that the certificates would be received for debts due to the bank.    Further provisions of the proposition will be hereafter noticed.

The deed then recites that a "sufficient number" of the creditors had accepted the proposition "so that the said Eliza B. Hudson deems it safe to execute the said

instrument which is therein proposed to be executed by her," and that the bank had executed its certificates to the amount of six hundred and fifty thousand dollars. The property is then conveyed to Barry "upon the following trusts, and no others, to-wit : First, if said certificates of indebtedness above mentioned, issued or to be issued, shall well and truly be paid and satisfied by said Butchers' and Drovers' Bank of St. Louis, on or before the first day of August, eighteen hundred and eighty, then this deed shall be void, and the same shall be released by said trustee, at the costs of said party of the first part; but if

"Secondly : the said Butchers' & Drovers' Bank of St. Louis shall not, on or before the said first day of August, eighteen hundred and eighty, have paid, satisfied, taken up or extinguished the said certificates, and each and every one of them, *then said trustee may, at the request of the holders of said certificates, or any of them remaining unpaid, proceed to sell the said real estate above herein described, or any part or parcel thereof,* at the east door," etc., "*provided, however, that before the said trustee shall be authorized, under the power herein given to proceed to advertise and sell the whole, or any of the above described property, all the assets of said bank which can fairly and reasonably be considered as collectable, shall first have been collected and applied to the payment of said certificates, or sold for, or received in payment of such assets, and all the amounts that are owing by, or collectible from, the stockholders of said bank, and that can, by reasonable diligence, be collected, shall have been first collected and applied to said certificates.*"

The certificates were not paid on the first of August, 1880, nor were they paid in 1882, when this suit was commenced.

1. The admitted facts are that at the commencement of this suit there remained a considerable portion

Davis v. Bessehl.

of the assets of the bank, due from stockholders and others, which were fairly and reasonably considered collectible, and which had not been collected or applied in payment of the certificates. It must, therefore, be, and is agreed on all hands that the trustee could not sell under the terms of the deed; for it will be seen he can only sell when all the assets which are fairly and reasonably considered collectible shall have been collected and applied, etc. The claim on the part of the appellant, however, is that these restrictions relate only to the power of sale; that they are to be regarded in the execution of that power, but do not attach to or affect any other remedy. Conceding, for the present, that a trustee, like a mortgagee, may recover in ejectment upon and after default, the question then is, has there been a default? Now it is to be borne in mind that on the face of this deed Mrs. Hudson is not the debtor. The bank is the debtor. It is also admitted that she was not a debtor or creditor of the bank, and sustained no relation to these creditors or the bank, except that created by the deed. The bank, by the proposition of settlement, recited in full in the deed, professed to her and the creditors to owe $686,336, and to have seven hundred and fifty thousand dollars of assets, which are made to stand as security for the payment of the certificates. The certificates are made receivable for any indebtedness of the bank, and in payment of the property sold by it. A quarterly statement is to be made to a committee of the depositors accepting the proposition; and the further agreement contained in this scheme of settlement is that the property will be sold and debts collected as fast as practicable. From all this we can but conclude the assets of the bank are to be, and were by the parties regarded as the primary fund out of which the certificates were to be paid. Mrs. Hudson is not liable on these certificates, detached from the deed of trust. There is no remedy as against her except upon the deed of trust.

The forfeiture as to her is to be determined by the deed. That a power of sale in a mortgage or deed of trust may be so limited that a sale under the power cannot be made, and yet there be a remedy by foreclosure must be conceded. That was the case in *Butler v. Ladue*, 12 Mich. 178.

Mrs. Hudson stands in the attitude of a surety for the bank, and her undertaking is to be interpreted in the light of the proposed scheme as it is set out and detailed in the deed. Looking at the deed as a whole, and giving effect to all of its parts we hold her liability is secondary only, and that this property cannot be resorted to for the payment of the certificates until the assets of the bank, which can by reasonable diligence be collected, are collected and applied. Until then there will be no default and hence there was no forfeiture on the first of August, 1880. It is clear that until then no active duties are devolved upon this trustee. The fact that the assets are not now sufficient to pay all of the certificates cannot change the result reached. The parties, as we construe the deed, have made it a security for so much of the certificates as shall remain unpaid after the assets of the bank shall have been reasonably and fairly exhausted. We are all agreed as to what has been said. The powers of a trustee are certainly, for the most part, fixed by the stipulations in the deed, and not by law. Whether a trustee in these deeds of trust in the nature of a mortgage, like a mortgagee, can maintain ejectment, is not now decided and need not be to a proper disposition of this cause. All concur.